NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5191-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ANTOINE DENNIS,

 Defendant-Appellant.
_________________________________

 Submitted June 7, 2017 – Decided July 14, 2017

 Before Judges Alvarez and Lisa.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Indictment No.
 06-11-2533.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Durrell Wachtler Ciccia,
 Designated Counsel, on the brief).

 Christopher J. Gramiccioni, Monmouth County
 Prosecutor, attorney for respondent (Paul H.
 Heinzel, Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM
 Defendant appeals from the March 27, 2015 order denying his

post-conviction relief (PCR) petition and his request for an

evidentiary hearing. Defendant is serving a term of life

imprisonment with an eighty-five percent parole disqualifier

pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2,

for knowing or purposeful murder, N.J.S.A. 2C:11-3a(1), together

with a consecutive term of ten years' imprisonment with a five-

year parole disqualifier for second-degree possession of a weapon

by a convicted person, N.J.S.A. 2C:39-7b. The sentences were also

ordered to be served consecutive to an eighteen-year sentence

defendant is serving for a conviction in Hudson County. Defendant

was also convicted of several other counts, for which separate

sentences were not imposed as a result of mergers.

 Defendant filed a direct appeal. We affirmed his convictions

on all counts; however, on the State's cross-appeal, we reversed

with respect to certain mergers. State v. Dennis, No. A-2956-10

(App. Div. Nov. 29, 2012).

 Defendant filed a pro se PCR petition on February 28, 2013,

which did not set forth any claims for relief. Subsequently,

counsel was assigned and filed a new petition on December 3, 2013.

Counsel filed a supporting brief on August 22, 2014. The petition

enumerated thirteen allegations of ineffective assistance by trial

 2 A-5191-14T1
counsel and two allegations of ineffective assistance by appellate

counsel.

 In his new petition, defendant contended that a reasonable

probability existed that but for the errors of trial counsel the

result of the trial would have been different, and but for the

errors of appellate counsel, a reasonable probability existed that

the outcome of the appeal would have been different. Defendant

requested an evidentiary hearing into the allegations contained

in the petition.

 The matter came before Judge Anthony J. Mellaci, Jr. for oral

argument on March 27, 2015. Judge Mellaci had presided over

defendant's trial and was thoroughly familiar not only with the

trial, but with the plea negotiations that had transpired with

defendant, as well as his two co-defendants. Likewise, the judge

had presided over pretrial proceedings and made rulings on the

admissibility of evidence after conducting hearings as required.

It is very clear to us from a review of the transcript of March

27, 2015, that Judge Mellaci, with the assistance of his notes,

possessed a clear and thorough understanding and recollection of

all aspects of the pretrial proceedings, the trial, and the

sentencing, as they related to the issues raised in defendant's

PCR petition.

 3 A-5191-14T1
 In setting forth the issues, the judge consolidated several

of the thirteen points raised with respect to trial counsel which

dealt with similar subjects, and enumerated nine such issues as

follows: (1) "the trial counsel failed to communicate the

defendant's plea offer to the State;" (2) "trial counsel provided

a generic and insufficient opening statement;" (3) "trial counsel

failed to procure a prior statement made by Jaashawn Jones;" (4)

"trial counsel's cross-examination of Patrolman Whitley, Robert

Angelini, and Sergeant Meany was insufficient and ineffective;"

(5) "trial counsel failed to object to testimony of Detective

Toro, which described an interview with the defendant;" (6) "trial

counsel failed to object to . . . [Sheazel] Collins' testimony

that Pizzarelli had been . . . locked up;" (7) "trial counsel's

closing argument was inappropriate and prejudicial;" (8) "trial

counsel failed to object to damaging and inappropriate comments

made by the State during its closing argument;" and (9) "trial

counsel conceded that defendant qualified for an extended term

eligibility as a persistent offender."

 After hearing oral argument, the judge issued a comprehensive

oral opinion consuming twenty-eight transcript pages. He

addressed in turn each of the nine restated allegations of

ineffective assistance by trial counsel. He rejected each of them

 4 A-5191-14T1
either on procedural or substantive grounds, or both. For each

allegation he referred to the applicable portion of the trial

proceeding and cited the controlling legal principles. With

respect to appellate counsel, he described the allegations and

noted for the record that he had reviewed them. He then stated

that the allegations were "baseless" and did not warrant specific

discussion.

 Based upon his findings, Judge Mellaci concluded as follows:

 According to Rule 3:22-10 a trial [c]ourt
 has discretion to order an evidentiary hearing
 under a defendant's post-conviction relief
 petition, during which oral testimony is
 taken.
 In order to be granted an evidentiary
 hearing the defendant must make a prima facie
 case in support of his ineffective assistance
 of counsel claim. State v. Preciose, [129
 N.J. 451, 462-63 (1992)].
 This means the defendant must demonstrate
 a reasonable likelihood his claim will succeed
 on the merits. In making this determination
 [c]ourts view the facts in a light most
 favorable to the defendant. Preciose at 463.
 It is the opinion and finding of this
 [c]ourt that the defendant has not
 demonstrated that his trial counsel or
 appellate counsel's representation fell below
 an objective standard of reasonableness or
 demonstrated a reasonable likelihood that any
 of these claims, either solely or together,
 will succeed on the merits.
 Each of the defendant's arguments is
 either procedurally barred or based on nothing
 more than defendant's own self-serving b[a]ld
 assertions; therefore, the defendant is not
 entitled to an evidentiary hearing and his
 petition for post-conviction relief is denied.

 5 A-5191-14T1
 On appeal, defendant raises a single issue:

 THE LOWER COURT ERRED IN DENYING DEFENDANT'S
 REQUEST FOR AN EVIDENTIARY HEARING.

 We reject defendant's argument. We have reviewed the record,

and we are in full agreement with Judge Mellaci's findings,

analysis, and conclusion. Defendant's arguments are plainly

lacking in merit and do not warrant discussion in a written

opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons

expressed by Judge Mellaci in his thorough and well-reasoned oral

opinion of March 27, 2015, denying defendant's PCR petition and

declining to order an evidentiary hearing.

 Affirmed.

 6 A-5191-14T1